UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-329-JGH

DARYL McMASTERS                                                                                          PLAINTIFF

V.

HENDRICKSON USA, LLC                                                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This litigation began when Daryl McMasters sued his former employer, Hendrickson USA, LLC, for retaliation under the Family and Medical Leave Act.  Hendrickson responded with eight counterclaims, alleging that Daryl stole some computer software and sabotaged a Hendrickson computer system when his termination seemed apparent.  In addition, Hendrickson brought a third-party complaint under Federal Rule of Civil Procedure 14 against Daryl's wife, Molly McMasters, alleging that she played a role in Daryl's software theft.

Currently, two motions are pending before the Court.  First, Molly moved to dismiss Hendrickson's third-party complaint because it did not comply with Rule 14.  Second, Daryl believes the counterclaims against him and the third-party complaint against his wife were retaliatory, so he moved to amend his complaint per Rule 15.  For the reasons that follow, the Court will sustain both motions.

I.

Few facts are required to resolve these motions.  Daryl McMasters was a computer programmer at Hendrickson.  He took FMLA leave from November 14, 2013, to January 1, 2014.  While he was gone, Hendrickson hired someone else to perform his duties.  When he returned, Daryl learned that his temporary replacement was staying.  His supervisor, Neil

Szczepanksi, requested that Daryl return a computer disk that he received from Cimulus, Inc., a software development company, in 2003. Despite his best efforts, he was unable to locate it. Hendrickson fired Daryl on January 13 for failing to return the disk as instructed. He claims this reason is pretext for retaliation for taking FMLA-protected medical leave.

Hendrickson responded with eight counterclaims, including common law claims and violations of state and federal statutes. These eight causes of action derive from two allegations: (1) Daryl stole software owned by Hendrickson and used it to benefit his wife's software company, M&M Programming, Inc.; and (2) when it looked like he might be fired, Daryl logged onto the Hendrickson computer system and sabotaged it. Daryl believes these are frivolous and motivated by Hendrickson's desire to retaliate against him for filing suit. Hendrickson also filed a third-party complaint against his wife (Molly) that alleges a violation of a Kentucky statute and civil conspiracy.

II.

The Court first considers Molly's motion to dismiss the third-party complaint against her. Federal Rule of Civil Procedure 14 provides, in relevant part: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). As the Sixth Circuit has explained, "[t]hird-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." *American Zurich Ins. Co., Inc. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). "A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim." *Id.* As such, "Rule 14(a)

does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim, because a third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant."
*Id.*

Hendrickson's third-party complaint against Molly falls well outside the boundaries of Rule 14. Daryl sued Hendrickson for retaliation under the FMLA. As the defendant to that action, Hendrickson could only bring a third-party complaint against a "nonparty who is or may be liable to it for all or part of the claim against it"—that is, a party who might be liable to Hendrickson for Daryl's FMLA retaliation claim. Fed. R. Civ. P. 14(a)(1). The Court cannot see any way that Molly, as the wife of the initial plaintiff, "is or may be liable" to Hendrickson for the FMLA claim. Perhaps there is another avenue for Hendrickson to bring Molly into this lawsuit. As pled, however, Hendrickson's third-party complaint under Rule 14 is improper.

Hendrickson devotes a substantial portion of its brief to arguing that this Court has diversity and supplemental jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 & 1367. Perhaps so, but compliance with the Federal Rules of Civil Procedure is a wholly separate matter. A proper claim needs both. Because the third-party complaint fails to comply with Rule 14, it must be dismissed irrespective of these statutes.

III.

The Court next considers Daryl's motion for leave to amend his complaint. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or

3

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, there is no allegation of delay or bad faith or undue prejudice; rather, Hendrickson objects because it believes the proposed amendment would be futile. An amendment is futile if it could not overcome a motion to dismiss under Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Daryl seeks to add three paragraphs to his complaint that describe what he believes to be additional retaliatory conduct by Hendrickson. These paragraphs state:

> 32. After McMasters filed his Complaint in this matter, Hendrickson filed a counterclaim against McMasters alleging a variety of claims against him, none of which were raised prior to his filing of this lawsuit and none of which are meritorious.
>
> 33. Moreover, Hendrickson filed a third party complaint against McMasters' wife alleging a variety of claims against her, none of which were raised prior to McMasters [sic] filing of this lawsuit and none of which are meritorious.
>
> . . . .
>
> 36. Hendrickson filed a counterclaim against McMasters and a third party complaint against his wife in further retaliation for his exercise of his rights under the FMLA in violation of 29 U.S.C. § 2615.

DN 21-3, at Page ID # 3-4. Hendrickson has two arguments: (1) Plaintiff has not met the pleading requirements and (2) Hendrickson has a First Amendment immunity to plead and pursue its counterclaims.

A.

The Court first finds that Daryl McMasters's amendments are sufficient under Rule 8. Rule 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain

4

statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). This standard requires a plaintiff to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The Sixth Circuit maintains that the primary purpose of a complaint is to provide the defendant with fair notice of the claims through a "short and plain" statement. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012). Daryl's amendments meet this standard. From the three additional paragraphs, it is clear that Daryl asserts that Hendrickson engaged in additional retaliatory conduct by filing eight frivolous counterclaims against him and a third-party complaint against his wife. There is no question as to what conduct Daryl believes to be unlawful, and this is not just a recitation of the elements of recovery under the FMLA. As such, Daryl has stated a plausible claim for relief.

B.

Hendrickson's First Amendment argument to disallow the amendment is similarly premature. At this stage, Daryl is only required to state a plausible claim for relief that satisfies Rule 8. Hendrickson correctly argues that Daryl must overcome a high bar to recover because of retaliatory counterclaims. Indeed, there are countervailing constitutional concerns to consider when an aggrieved employee cites his employer's claims for relief as retaliatory conduct—the First Amendment right to petition the government for redress of grievances includes the right of access to courts. *See California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). A lawsuit that is a "mere sham," however, enjoys no First Amendment protection. *Id.* Litigation is a sham if it is both (1) objectively baseless and (2) subjectively intended as retaliatory. *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525 (2002). In his amendments to the complaint, Daryl sufficiently alleges both—he asserts that he had no knowledge of the facts

5

giving rise to the counterclaims and that the claims are meritless; he also asserts that Hendrickson filed them in retaliation. At this stage, nothing else is required.

Having overcome the privilege hurdle (for now), Daryl must also show that the counterclaims and the third-party claim can be actionable as retaliatory under the FMLA. Other courts have found such claims actionable. In *Rosania v. Taco Bell of America, Inc.*, 303 F. Supp. 2d 878 (N.D. Ohio 2004), for example, the court granted the plaintiff's motion for leave to amend his complaint to include a counterclaim as an "adverse employment action" under the FMLA. The court held: "While Taco Bell may ultimately be entitled to First Amendment immunity against Rosania's proposed retaliation claim, to decide the issue now would be premature. To do so would require the Court to rely simply on the allegations as contained [in] Taco Bell's counterclaims. Defendant, however, may again raise these issues once the record is sufficiently developed." *Id.* at 888. Here, Hendrickson has a little more than the allegations in its counterclaim; it submitted an affidavit from a digital investigation company ("Vestige") that provided, in relevant part:

> Vestige's analysis concluded that on January 13, 2014 a client named "darl-s-ipad" connected to the KY-REPORT server. Shortly thereafter the "Post Prod" service running on the KY-REPORT server was stopped. Upon discovering that the service was no longer running, it was determined that the account name under which the service ran had been removed. The Post Prod service cannot run without an appropriate account name.

DN 25-1, Page ID # 149. This is a closer call than *Rosania*, but the Court believes it is too early to dismiss the retaliation claims. Daryl already disputes the findings of this investigation and their impact on Hendrickson's claims. Moreover, the affidavit fails to show that all eight counterclaims—and the third-party complaint against Molly—were not shams. This kind of evidence may be important in subsequent motions or at trial, but this Court will not dismiss Daryl's claims as implausible before discovery.

6

C.

The Court also notes that allowing amendment does not seem to create any fundamental unfairness. First, Daryl is not adding a new claim for relief but adding additional conduct that could plausibly support his retaliation claim. And unlike many of the cases cited by Hendrickson, Daryl is not trying to enjoin Hendrickson from asserting its claims in this Court or another. Furthermore, this allegation will require little to no additional discovery—Hendrickson will need evidence to prove its eight counterclaims, and Daryl will need to defend these claims. Asserting that his employer's counterclaims are themselves unlawful retaliatory acts will require Daryl to overcome a high burden; for now, however, the claims may move forward.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Molly McMasters's Motion to Dismiss is SUSTAINED and Hendrickson USA, LLC's Third-Party Complaint against Molly McMasters is DISMISSED.

IT IS FURTHER ORDERED that Daryl McMasters's motion to amend his Complaint is SUSTAINED.

cc:     Counsel of Record